UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| UNITED STATES | : | 19 Cr. 292 (JDB) |
|---|---|---|
| v. | : | |
| REGINALD MAURICE SUTTON | : | |
| Defendant. | : | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT
## MOTION FOR PRETRIAL DETENTION

Defendant Reginald Sutton respectfully opposes the Government's Motion For Pretrial Detention (DE 13). Given that the Government chose to file its detention motion the morning of the scheduled court hearing (four days after the defendant's arrest on September 5, 2019) and that discovery has not yet been provided to the defense, this Opposition will be brief. As set forth herein, the Government has not established by clear and convincing evidence that the defendant is a danger to the community, nor by a preponderance that he is a flight risk. Accordingly, the defense requests that he be released to the High Intensity Supervision Program (HISP), with strict reporting requirements, a GPS bracelet, curfew and whatever other conditions this Court deems appropriate. Mr. Sutton can live with a friend during the pendency of this case.

Mr. Sutton is a forty-seven year old lifelong resident of the District of Columbia. He suffers from what can fairly be described as very poor health. Approximately three years ago he fell into a coma that lasted for several months and as a result, receives a disability check from the District of Columbia. Mr. Sutton has high blood pressure and Type II diabetes, for which he needs daily insulin injections. As the result of his diabetes, his left leg is swollen and discolored and Mr. Sutton has been warned that he is at risk for amputation of the limb.

To be fair, Mr. Sutton does have a criminal history, including prior drug convictions. Although the Government notes that he was on probation at the time of the instant arrest, that appears to be the result of a conviction for possession of a controlled substance – a relatively minor offense. Moreover, contrary to the Government's assertion that the case against him is "overwhelming," a fair reading of the facts alleged in the Government's detention memorandum undercut that claim. The bulk of the Government's evidence is directed against others and the only claims made in support of the instant detention is that Mr. Sutton was allegedly involved in two small drug purchases. The Government does not allege that any surveillance was conducted to verify the alleged meetings, that drugs were seized from the defendant, that the confidential informant met with the defendant, or that any cocaine was recovered as the result of the search of the defendant's home. Indeed, after the investigation concluded, the Government alleged in the Indictment that the amount of cocaine attributable to Mr. Sutton is only "a detectable amount;" which means that **no mandatory minimum applies to this case.**

While there is a presumption of detention under the statute, it can of course be rebutted. Mr. Sutton is involved in a romantic relationship, and undersigned has personally confirmed with his significant other that he can live with her. Counsel will provide her name and phone number to Pretrial Services if this Court orders an evaluation for the HISP program. Mr. Sutton would agree to a curfew and he would wear a GPS monitoring bracelet, report to Pretrial as required and follow any other condition of release imposed by this Court.

With respect to the issue of flight, it is almost impossible to contemplate circumstances under which the defendant could successfully flee. Indeed, as the result of his significant health issues, Mr. Sutton's ability to do so would be severely limited because of his physical impairment and it would place his life in extreme danger. Likewise, as to dangerousness, the

Government does not allege any specific danger that the defendant poses to the community. If this Court imposes the requested conditions of release – with a strict curfew – any hypothetical danger that he poses would seem to be ameliorated.

      For all these reasons and others that may be advanced at the detention hearing, the defendant opposed the Government's request for pretrial detention and requests release to the HISP program.

Respectfully submitted,

*Robert Feitel*

_____
Robert Feitel, Esquire
Law Office of Robert Feitel
1300 Pennsylvania Avenue, N.W.
#190-515
Washington, D.C.  20008
D.C. Bar No. 366673
202-450-6133 (office)
202-255-6637 (cellular)
RF@RFeitelLaw.com

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was sent via ECF, to Magdalena Acevedo, Assistant U.S. Attorney 555 4th Street, N.W., this 9th day of September, 2019

*Robert Feitel*

_____
Robert Feitel